IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

**PATRICIA ANN ALDRIDGE,**

       **Petitioner,**

**v.**                                                                     **Case No. 3:22-cv-00343**

**J. D. SALLAZ, Superintendent,**
**Lakin Correctional Center and Jail,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner Patricia Ann Aldridge's *pro se* Petition for a Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254 and Amended Petition, (ECF Nos. 2, 8), and Respondent's Motion to Dismiss, (ECF No. 13). This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned conclusively **FINDS** that Petitioner is not entitled to the relief requested. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Petition for a Writ of Habeas Corpus and Amended Petition, (ECF Nos. 2, 8); **GRANT** Respondent's Motion to Dismiss, (ECF No. 13); and **DISMISS** and **REMOVE** this case from the docket of the court.

I.      **Relevant Facts**

**A. Conviction and Direct Review**

On August 27, 1999, Aldridge was convicted of first-degree murder for planning and assisting in the homicide of her husband, Millard Aldridge, by her boyfriend, Mitchell Vickers. (ECF Nos. 2 at 1, 14 at 2). She was sentenced to life without parole in September 1999. (ECF No. 2 at 1). Several months later, in June 2000, she filed a motion for reconsideration of sentence and a motion to resentence; the former was denied, and the latter was granted, resetting the timeline for appeal. (ECF No. 14 at 3). Aldridge then filed an appeal in December 2000. She argued that the trial court erred in: (1) failing to grant her motion for change of venue or, in the alternative, her motion for change of jury venire; (2) failing to dismiss a prospective juror for cause; (3) admitting evidence of prior bad acts without conducting *in camera* review and without the state providing written notice of its intent to offer that evidence; (4) admitting testimony which impermissibly bolstered the testimony of another prosecution witness; (5) denying her motion for judgment of acquittal; (6) admitting a homemade Easter card as direct evidence despite previously ruling it could only be introduced for impeachment purposes; and (7) denying her motion for a new trial. (ECF No. 2 at 2). The Supreme Court of Appeals of West Virginia ("WVSC") refused her appeal on March 7, 2001. (ECF No. 2-16).

**B. State Habeas Petitions**

On May 11, 2001, Aldridge filed a *pro se* state habeas petition, followed in July 2003 by an amended petition by counsel. (ECF No. 2-17 at 1–2). Her amended petition raised nine assignments of error, which contained all seven of the arguments raised on direct appeal, plus two additional challenges; including, that the trial court erred in its

*sua sponte* continuance of her trial to the next term of the court, and her trial counsel was ineffective. (ECF No. 2 at 3). Specifically, she alleged her trial counsel failed to investigate the community's exposure to pre-trial publicity in support of her motion for change of venue, failed to consider producing a character witness, failed to investigate her co-defendant or offer expert testimony regarding her co-defendant's mental health, failed to hire independent crime scene investigators who could have contradicted the testimony of police, failed to appear at Aldridge's arraignment, failed to object to the trial court's *sua sponte* continuance, failed to object to the state's introduction of prior bad acts, and failed to pursue her motion for a bifurcated trial. (ECF No. 2-6 at 34–36; ECF No. 2-7 at 2–3). The circuit court denied the petition on February 23, 2005, finding all claims lacked merit. Aldridge appealed the denial, and the WVSC refused the appeal by order entered on June 14, 2005. (ECF No. 2-18).

Aldridge filed a second state habeas proceeding in 2010,[1] alleging a *Brady* violation for the state's withholding of evidence that would have proven another witness's presence at the crime scene, and ineffective assistance of counsel. (ECF No. 2 at 4). She claimed her trial counsel failed to *voir dire* the jury on the question of mercy, failed to pursue a bifurcated trial, and failed to present forensic evidence which might have undermined the testimony of two state's witnesses. (*Id.*). The circuit court held an omnibus hearing on this petition in 2020. (ECF No. 2-10). At the hearing, one of Aldridge's trial attorneys, Robert Martin, testified that Aldridge had agreed not to pursue the bifurcated trial motion but that there was no record of a waiver. (*Id.* at 15–

---

[1] Aldridge states in the instant petition that her second state habeas petition was filed in 2019, but this seems to be an error. (ECF No. 2 at 4). The WVSC's memorandum decision on that petition states it was filed in 2010, *Aldridge v. Sallaz*, No. 21-0175, 2022 WL 163941, at *1 (W. Va., Jan. 18, 2022), and Aldridge wrote that the petition was filed in 2010 in a letter to the Circuit Court of Cabell County regarding the Court's 2021 denial of the petition. (ECF No. 2-11 at 1).

17). He also testified that, to his recollection, he and Aldridge met every night of the trial to prepare and discuss strategy. (ECF No. 2-10 at 17). In 2021, the circuit court denied the petition, finding that all issues raised had been either fully adjudicated or waived in her prior post-conviction proceedings. (ECF No. 2-19). Aldridge appealed the circuit court's decision, and the WVSC denied her appeal on January 18, 2022. *Aldridge v. Sallaz*, No. 21-0175, 2022 WL 163941 (W. Va., Jan. 18, 2022).

### C. First Federal Habeas Petition

Between her first and second state habeas petitions, in October 2005, Aldridge filed a federal habeas petition with this Court. Her petition raised most of the claims contained in her appeal and first state habeas petition, including the following: (1) the trial court's denial of her motion for change of venue; (2) the trial court's *sua sponte* continuance; (3) the trial court's evidentiary rulings admitting the Easter card, Aldridge's prior bad acts, and bolstering testimony of a state's witness; (4) the alleged *Brady* evidence showing that another witness had been present at the crime scene; and (5) her trial counsel's failure to pursue the bifurcated trial motion and failure to investigate the crime scene. *Aldridge v. Ballard*, No. 3:05-cv-0827, 2009 WL 772933 (S.D.W. Va., Mar. 18, 2009). In addition to the claims previously raised in the state courts, Aldridge alleged that there was insufficient evidence to support her conviction and the cumulative effect of the errors at trial violated her right to due process. *Id.* This Court dismissed the petition in 2009, finding no constitutional violations, and denied Aldridge's request for a certificate of appealability. *Id.*

### D. Current Petition

Aldridge filed the instant petition on August 16, 2022. (ECF No. 2). Her petition alleges ineffective assistance of counsel at trial and due process violations by the state

courts during her state post-conviction proceedings. (ECF No. 2-1). She claims her trial counsel was ineffective by failing to follow-up on her motion for a bifurcated trial, advising her against accepting a plea offer, and failing to present forensic evidence that may have undermined the testimony of two state's witnesses. (*Id.* at 1–2). Except for the claim that her trial counsel advised her against accepting a plea offer, these same ineffective assistance claims were raised in her state habeas petitions. Aldridge also claims that, when the state court questioned her trial counsel, Robert Martin, during the omnibus hearing about his performance as counsel, Martin lied and stated that he met with Aldridge every night of the trial to discuss strategy, although those meetings never took place. (ECF No. 2 at 2–3; ECF No. 8 at 1–2). Aldridge further contends that the state courts violated her right to due process when they denied her habeas petitions without specifically addressing each of the claims she raised, and she asserts that the WVSC relied on incorrect factual findings by the circuit court. (*Id.* at 4–10).

Respondent filed a Motion to Dismiss, (ECF No. 13), and a Memorandum in Support of the Motion to Dismiss, (ECF No. 14), arguing that Aldridge's petition is untimely. (ECF No. 14 at 2). Respondent states that the applicable start date for the one-year filing period is § 2244(d)(1)(A)—the date on which Aldridge's conviction became final. (ECF No. 14 at 12). Using that date, Respondent demonstrates that the one-year limitations period for filing a federal habeas petition expired in 2006, making Aldridge's current petition significantly past due. In reply, Aldridge filed a "Motion In Opposition" to Respondent's Motion to Dismiss, in which she argues that, to the contrary, her petition is timely because it was filed within one year of the WVSC's last decision in her case and within one year of the discovery of new evidence—her trial counsel's testimony at the omnibus hearing—implicating the later start date for the

one-year filing period listed at § 2244(d)(1)(D). (ECF No. 22 at 1–2).

## II.    Standard of Review

Respondent moves to dismiss Aldridge's petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion under Rule 12(b)(6), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. See *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(b)(6) motion to dismiss in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). The court may also consider "matters of public record," including documents from prior or pending court proceedings, without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *Id.*

## III.    Discussion

Respondent argues that Aldridge's petition is untimely. (ECF No. 13 at 1). The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

Aldridge contends that the last of these starting dates—§ 2244(d)(1)(D)—applies and that her petition was filed within one year of the diligent discovery of new evidence constituting the factual predicate of her claim. (ECF No. 22 at 1–2). The new

evidence she references comes from the omnibus hearing in her second state habeas proceeding, which took place on October 29, 2020. If Aldridge is correct that the evidence gleaned from the hearing could not have been discovered earlier and qualifies as the factual predicate of her claims, then her petition is indeed timely. Using the hearing as the triggering date, the limitations period would have been immediately tolled by the pending state habeas proceeding until it concluded on January 18, 2022, when the WVSC affirmed the circuit court's denial of Aldridge's petition. The instant petition was filed on August 16, 2022. Thus, it would have been filed with 155 days remaining in the one-year period.

However, the evidence from the omnibus hearing is not the factual predicate for Aldridge's ineffective assistance claim; it is merely supporting evidence, meaning it does not trigger a new start date for the one-year period. The "factual predicate" for a claim includes the vital facts underlying a claim, not merely evidence supporting a claim. *Hunt v. Booker*, No. 7:18CV00187, 2019 WL 1398072, at *4 (W.D. Va. Mar. 28, 2019) (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007)). If the new information discovered merely supports or strengthens a claim that could have been properly stated without the discovery, the information is not the factual predicate. *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese*, 483 F.3d at 214 (3d Cir. 2007)).

In the instant petition, Aldridge claims that her trial counsel was ineffective for failing to pursue her motion for a bifurcated trial. (ECF No. 2-1 at 1). Her counsel initially moved for a bifurcated trial, so the jury would separately decide the issues of guilt and mercy, but counsel did not further pursue the motion. (*Id.*). The court never issued a ruling on it, and Aldridge had a unified trial. (*Id.*). Aldridge previously raised

this claim in both state habeas proceedings and in her first federal habeas petition, but she argues that the second state proceeding revealed new evidence which constitutes the factual predicate for the claim in her instant petition. (ECF Nos. 2-1 at 3, 22 at 1–2). At the omnibus hearing, her trial counsel admitted that there was no record of Aldridge waiving her bifurcated trial motion. (ECF No. 2-10 at 15–16). This testimony of Aldridge's trial counsel may support the ineffective assistance claim, but it is clearly not the factual predicate of the claim, as Aldridge had already fully stated the claim in both state habeas petitions and in her first federal petition. Aldridge already possessed the knowledge necessary to raise the ineffective assistance claim. She knew that her counsel had made a motion for a bifurcated trial but never followed up; she knew that her trial was unified; and, although she did not have any statements by her trial counsel admitting that there was no recorded waiver, she knew herself that she had not waived the motion. She knew these facts at least as early as 2003 when she asserted it in her first state habeas petition. She certainly could have had her trial counsel testify about the bifurcation motion in the first hearing.

In addition to the bifurcation issue, Aldridge asserts various other instances of ineffective assistance of counsel, which she claims were newly supported by testimony at the omnibus hearing in 2020. However, all of Aldridge's ineffective assistance of counsel claims could have been fully pursued as part of the initial state habeas proceeding. Aldridge was represented by counsel and given every opportunity to develop her arguments at the evidentiary hearing held by the circuit court in 2004. (ECF No. 13-12). The circuit court examined Aldridge's claims of ineffective assistance of counsel, as well as the performance of counsel in general, and found that Aldridge's trial counsel performed reasonably "under prevailing professional norms by effectively

representing Petitioner's interests throughout the trial leaving no issue present that amounts to grounds for habeas corpus relief." (ECF No. 13-12 at 16). Because Aldridge could have brought—and did bring—her ineffective assistance claims, with or without the supporting evidence of her trial counsel's testimony, the omnibus hearing does not constitute a previously undiscoverable factual predicate for her claim, and the later start date in § 2244(d)(1)(D) does not apply.

Instead, the applicable start date for the one-year limitation period comes from § 2244(d)(1)(A), the date on which her judgment of conviction became final upon the conclusion of direct review. In Aldridge's case, the start date for the one-year filing period is June 6, 2001. Her direct appeal was rejected by the WVSC on March 7, 2001, and her time to file for a writ of certiorari expired 90 days later, on June 6. *See Harris v. Hutchinson,* 209 F.3d 325, 328 n.1 (4th Cir. 2000) (explaining that where a petitioner appeals to the state's highest court but does not file for a writ of certiorari, the start date for the limitation period under § 2244(d)(1)(A) is 90 days after the state's highest court enters its decision). The limitation period was immediately tolled by her first state habeas proceeding, which was filed on May 11, 2001. (ECF No. 14 at 4). This first state habeas proceeding concluded on June 14, 2005, when the WVSC refused to consider her appeal from the circuit court's denial. (ECF No. 2-18); *Carey v. Saffold,* 536 U.S. 214, 219-20 (2002) (holding that a state post-conviction proceeding is "pending" while the petitioner appeals a lower state court's decision to a higher state court). Aldridge then filed her first federal habeas proceeding on October 12, 2005, but this did not toll the one-year period, because the tolling provision only applies to **state** post-conviction proceedings, not federal proceedings. *Duncan v. Walker,* 533 U.S. 167, 167–168 (2001). With no other intervening state proceedings, the limitation period

expired one year after the conclusion of Aldridge's first state habeas proceeding, on June 14, 2006, making the instant petition many years overdue.

Though Aldridge claims her petition is timely because it was filed within one year of the last state supreme court decision in her case, (ECF No. 22 at 1), this is a misreading of the limitations statute—likely based on confusion between direct and collateral review. Under § 2244(d)(1)(A), the one-year period starts upon the conclusion of direct review, which is distinct from collateral review. *See Wall v. Kholi*, 562 U.S. 545, 552 (2011) ("[C]ollateral review" means a form of review that is not part of the direct appeal process."). The appeal that Aldridge filed from the 2021 circuit court's decision was part of the collateral review process, as it was seeking higher court review of the lower court's decision on her habeas petition; it was not a direct appeal from her 1999 conviction. Indeed, everything Aldridge filed after March 2001 was a collateral attack on her conviction, rather than part of the direct review process, which, as explained above, concluded on June 6, 2001. Collateral attacks cannot restart the one-year limitations period. At most, they can toll the running of the one-year period.

Because Aldridge's petition comes long after the expiration of the one-year filing period, her petition is only timely if it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). For the court to apply equitable tolling to her petition, Aldridge must prove that she has been pursuing her rights diligently and that some extraordinary circumstance prevented timely filing of her petition. *Id.* Equitable tolling is reserved for those instances where, due to circumstances outside the petitioner's control, it would be unconscionable to enforce the limitation period and gross injustice would result. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003). No such extraordinary circumstances apply in Aldridge's case, and equitable tolling is not warranted.

Respondent also asserts that Aldridge's petition is second or successive. (ECF No. 14 at 2). Habeas petitioners seeking review of a state conviction typically only get one opportunity for a federal court to review their claims. On a second or later federal habeas petition, any claims that were already raised in a prior federal petition must be dismissed, and any new claims which were not previously raised must also be dismissed, unless they fall into one of three exceptions: (1) the claims derive from a new rule of constitutional law that retroactively applies to cases on collateral review, (2) rely on a factual predicate which could not have been discovered earlier, or (3) establish by clear and convincing evidence that, but for the constitutional errors, no rational jury would have found the petitioner guilty. 28 U.S.C. § 2244(b). Before a district court can consider a second or successive petition, the petitioner must move the court of appeals for authorization to file the petition. 28 U.S.C. § 2244(b)(3). Aldridge previously filed a § 2254 petition with this Court in 2005, which was denied on the merits. Because the instant petition is successive, and Aldridge has not received authorization from the Fourth Circuit to file[2], the petition must be dismissed. Accordingly, the undersigned **FINDS** that Aldridge's petition is both untimely and unauthorized and therefore must be dismissed.

## IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss, (ECF No. 13); **DENY** Petitioner's Petition for a Writ of Habeas Corpus, (ECF

---

[2] Though Aldridge is free to seek authorization from the Fourth Circuit, it is highly unlikely she would be permitted to file a successive petition, seeing as her petition is untimely and none of her new claims meet the requirements of § 2244(b)(2).

No. 2); and **DISMISS** and **REMOVE** this case from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: May 2, 2023

Cheryl A. Eifert
United States Magistrate Judge

13