IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

PATRICIA ANN ALDRIDGE,

                    Petitioner,

v.                                                   CIVIL ACTION NO.  3:22-0343

J.D. SALLAZ, Superintendent,
Lakin Correctional Center and Jail

                    RESPONDENT.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner Patricia Ann Aldridge's Objections to the Proposed

Findings and Recommendation ("PF&R") issued by Magistrate Judge Cheryl A. Eifert on May 2,

2023. Pet's Resp. to the PF&R, ECF No. 27; PF&R, ECF No. 26. The Court has reviewed

Petitioner's Objections and the PF&R, as well as pertinent material found elsewhere in the record.

For the reasons set forth below, the Court **DENIES** Petitioner's Objections (ECF No. 27) and—

consistent with the factual allegations outlined in this Memorandum Opinion and Order—

**ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 26). Accordingly, the Court

**GRANTS** Respondent's Motion to Dismiss (ECF No. 13), **DENIES** Petitioner's Petition for Writ

of Habeas Corpus (ECF No. 2), and **DISMISSES** this action.

**I.      BACKGROUND**

Ms. Aldridge was charged with aiding and abetting the murder of her husband, Millard

Aldridge, with Mitchell Vickers, a man with whom she was having an affair. Crim. Compl., ECF

No. 13-1. After a four-day jury trial, Ms. Aldridge was convicted of first-degree murder on August 27, 1999. Trial Order, ECF No. 13-3. Shortly thereafter, she was sentenced to life without parole. Sentence Order, ECF No. 13-4.

### A. Direct review

In June of 2000, Ms. Aldridge filed two motions: 1) a motion to reconsider her sentence, which the circuit court denied, and 2) a motion to resentence, which the circuit court granted and subsequently reset her timeline for appeal. Mot. for Reconsideration of Sentence, ECF No. 13-5; Re-Sentence Order, ECF No. 13-6. Ms. Aldridge timely filed an appeal, claiming the trial court erred by: 1) failing to grant her motion for a change of venue or a change of jury venire; 2) failing to dismiss a prospective juror with alleged bias; 3) permitting the introduction of prior bad acts evidence without prior notice to Ms. Aldridge or an in camera hearing; 4) allowing the testimony of a certain detective which impermissibly bolstered another witness of the prosecution; 5) denying Ms. Aldridge's motions for judgment of acquittal and for a new trial; 6) allowing the introduction of an allegedly prejudicial Easter card that was only to be used for impeachment; and 7) denying Ms. Aldridge's motion for a new trial on that basis of the State's failure to disclose exculpatory evidence and other cumulative error. Pet. for Appeal at 9-10, ECF No. 13-8. The Supreme Court of Appeals of West Virginia (SCAWV) denied Ms. Aldridge's appeal in an order entered in March 2001. Order, ECF No. 13-9. Approximately six years later, on December 4, 2007, Ms. Aldridge filed a Motion for Reconsideration and Correction of Illegal Sentence. ECF No. 13-15. The Wayne County Circuit Court denied this motion on January 23, 2008. ECF No. 13-16.

### B. First state habeas petition

On May 11, 2001, shortly after her direct appeal was denied, Plaintiff filed a petition under West Virginia Code § 53-4A-1 for a writ of habeas corpus. State Habeas Pet., ECF No. 13-10. Ms.

Aldridge, represented by counsel, filed both an Amended Petition and a *Losh* list in July of 2003. Order Denying Writ of Habeas Corpus Pet. at 2, ECF No. 13-12. In her Amended Petition, Plaintiff cited the same grounds for relief as in her appeal, adding two additional grounds: first, that the trial court violated Ms. Aldridge's Speedy Trial rights by *sua sponte* continuing her trial to the next term, and second, ineffective assistance of counsel. Mem. of L. in Supp. of State Habeas Pet. at 7-8, ECF No. 13-11. The ineffective assistance of counsel claim was premised on trial counsel's failure to 1) investigate the background of state witnesses, hostile venue, and other "basic facts surrounding the murder;" 2) offer character evidence in favor of Ms. Aldridge; 3) object to references to Ms. Aldridge's affair with Mr. Vickers, the court's *sua sponte* continuance of trial, and the admission of Rule 404(b) evidence; 4) obtain expert testimony regarding Mr. Vickers's state of mind; and 5) appear at the arraignment. *Id.* at 10, 25-31. In an amendment to the Amended Petition, Ms. Aldridge cited two additional bases for ineffective assistance of counsel—failure to voir dire the jury on mercy and failure to obtain a waiver of bifurcation. Pet'rs Am. Writ of Habeas Corpus and Mem. in Supp. at 6, ECF No. 13-18. The Circuit Court of Wayne County denied this Petition in a detailed Order dated February 23, 2005. Order Denying Writ of Habeas Corpus Pet., ECF No. 13-12. Ms. Aldridge petitioned for an appeal, Pet. for Appeal from the Denial of the Pet. for a Writ of Habeas Corpus, ECF No. 13-13, which the SCAWV denied on June 14, 2005, Order, ECF No. 13-14.

### C.  First federal habeas petition

Ms. Aldridge filed her first federal habeas petition in this Court on October 12, 2005. Pet. for Writ of Habeas Corpus, *Aldridge v. Ballard*, No. 3:05-0827, 2009 WL 772933 (S.D.W. Va. March 18, 2009). In it, she cited largely the same grounds for relief as in her direct appeal and first state habeas petition, including 1) the trial court's failure to grant her motion to change venue; 2)

violation of her Speedy Trial rights; 3) various evidentiary rulings; 4) insufficient evidence to support her conviction; 5) *Brady* violations; 6) ineffective assistance of counsel; and 7) cumulative error. *Aldridge v. Ballard*, 2009 WL 772933. This Court denied Ms. Aldridge's petition in March 2009, finding that her constitutional rights had not been violated by the trial court's denial of her motion to change venue, the *sua sponte* continuance of her trial, evidentiary rulings, or ineffective assistance of counsel. *Id.* at *2-6. Additionally, this Court found that the record contained sufficient evidence to support Ms. Aldridge's conviction, the alleged undisclosed information was not material under *Brady*, and there was no error of law sufficient to support Ms. Aldridge's claim for cumulative error. *Id.* at *5-6.

### D.  Second state habeas petition

Ms. Aldridge filed a second state habeas petition in November 2010, alleging that she had obtained new information and evidence since the denial of her last state habeas petition. Second State Habeas Pet., ECF No. 13-17.  Namely, she cited seven grounds for relief, including 1) errors and misrepresentations during Grand Jury proceedings; 2) a plea agreement, withheld in violation of *Brady*, that indicated a prosecution witness had fabricated testimony; 3) lack of proper and thorough investigation by law enforcement officers; 4) insufficient evidence; 5) the Court allowing the prosecutor to question a testifying officer about the credibility of another state witness; 6) ineffective assistance of counsel; and 7) lack of evidentiary and/or omnibus hearing. *Id.* at 7-12. Specifically, as to her *Brady* claim, Ms. Aldridge alleged that a Government witness offered fabricated evidence against Ms. Aldridge because he was promised leniency in a plea agreement and that the plea agreement was never disclosed to defense counsel. *Id.* at 7-8. As to her claim for ineffective assistance of counsel, Ms. Aldridge alleged that her trial counsel had been deficient in failing to voir dire the jury on and present evidence supporting mercy; failure to pursue bifurcation

after the court indicated it was inclined to grant a motion to bifurcate; and failing to present that there was no forensic evidence of blood inside the vehicle Ms. Aldridge was accused of using to transport Mr. Vickers following the murder.  Pet'rs Am. Writ of Habeas Corpus and Mem. in Supp. at 7-8, ECF No. 13-18. Additionally, Ms. Aldridge alleged that her original assignments of error had not been fully adjudicated and were therefore subject to review and that issues decided in her first habeas proceeding were improperly decided sans an evidentiary hearing. Order Denying Second Habeas Pet. at 2-6, ECF No. 13-19.

Ten years later, on October 29, 2020, the Wayne County Circuit Court held an omnibus hearing, in which the parties and their respective counsel appeared by video. *Id.* at 1. During the omnibus hearing, Ms. Aldridge's trial counsel testified that he had discussed all trial decisions with Ms. Aldridge and that they had decided not to pursue a bifurcated trial. *Id.* at 5. Ms. Aldridge also conceded that the decision to move to bifurcate "really . . . was up to me but they weren't recommending [bifurcation]." *Id.* In an order filed on March 9, 2021, the Circuit Court of Wayne County found that any assignments of error that Ms. Aldridge had previously presented had been fully adjudicated and were therefore not subject to review. *Id.* at 2-3. Additionally, the court found that though there was an evidentiary hearing on January 22, 2004, any issues not addressed during that hearing were not presumptively unadjudicated. *Id.* The court therefore denied Ms. Aldridge's petition on the basis that the issues she argued therein had "already been considered and ruled upon or were waived." *Id.* Ms. Aldridge timely appealed the denial of her second state habeas petition. Pet'rs Brief, ECF No. 13-20. The SCAWV denied this appeal in either January or February of 2022. *Compare* Mandate, ECF No. 13-21 (dated February 18, 2022); *with  Aldridge v. Sallaz*, No. 21-0175, 2022 WL 163941, at *1 (W. Va. Jan. 18, 2022) (dated January 18, 2022).

**E.  Second federal habeas petition**

In the instant Petition, filed on August 17, 2022, Ms. Aldridge cites three grounds for relief. Pet. for Habeas Corpus, ECF No. 2-1. First, she claims that her trial counsel was ineffective in that counsel failed to follow through on her motion to bifurcate the trial, obtain a waiver from Ms. Aldridge regarding the motion to bifurcate, voir dire the jury on mercy, and present evidence supporting or raising the issue of mercy during trial. *Id.* at 1. She also argues that her trial counsel performed deficiently in advising Ms. Aldridge against taking a guilty plea and by not presenting forensic results indicating that there was no blood found inside Ms. Aldridge's van. *Id.* at 2. Finally, as to the performance of her counsel, Ms. Aldridge alleges that her trial counsel, Robert Martin, committed perjury during the omnibus hearing on her second state habeas petition—she claims that Mr. Martin lied or misrepresented facts when he testified that he regularly met with Ms. Aldridge in his hotel room to discuss and explain trial decisions. *Id.* at 3.

Second, Ms. Aldridge claims that the SCAWV had committed plain error in relying on misquoted information in the Circuit Court's denial of her habeas petition. *Id.* at 4. She also argues that both the Circuit Court and the Supreme Court of Appeals erred in that they did not include specific findings of fact and conclusions of law as to each contention advanced by Ms. Aldridge. *Id.* Finally, Ms. Aldridge argues that the state courts violated her due process rights by misstating that there was an evidentiary hearing on her first habeas petition, failing to issue any findings of fact or conclusions of law as to the bifurcation and voir dire issue, and losing the transcripts for her post-trial hearings. *Id.* at 6-10.

Respondent J.D. Sallaz, Superintendent of the Lakin Correctional Center and Jail, moved to dismiss Ms. Aldridge's Petition on December 22, 2022. Resp'ts Mot. to Dismiss, ECF No. 13. In the accompanying Memorandum of Law, Mr. Sallaz argues that the instant Petition is untimely

because it was filed "far beyond" the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Resp't's Mem. of L. in Supp. of Mot. to Dismiss at 2, ECF No. 14. Respondent contends that the one-year statute of limitations commenced on June 14, 2005—the date the Supreme Court of West Virginia denied appeal of Ms. Aldridge's first state habeas petition—and subsequently ran out sometime in 2006 or 2007. *Id.* at 11-12. Ms. Aldridge argues that the instant Petition is timely because it was filed within one year of the Supreme Court of West Virginia ruling on her latest appeal and within one year of her discovering new evidence—that is, her trial counsel's testimony during the state omnibus hearing. Pet'rs Mot. in Opp. to Resp't's Mot. to Dismiss at 1-2, ECF No. 22.

On May 2, 2023, the Magistrate Judge submitted proposed findings of fact and recommendations for disposition on the instant Petition and Respondent's Motion to Dismiss. PF&R, ECF No. 26. Following a thorough consideration of the record, the Magistrate Judge found that Ms. Aldridge is not entitled to relief—the Petition is both untimely and unauthorized, as it constitutes a successive petition and was filed without the requisite authorization from the Fourth Circuit. *Id.* at 12. Magistrate Judge Eifert recommended that the Court deny the instant Petition and grant Respondent's Motion to Dismiss. *Id.* at 1, 12-13. Shortly thereafter, on May 15, 2023, Ms. Aldridge filed her objections to the PF&R, which are addressed in detail below. Pet'rs Resp. to the PF&R, ECF No. 27.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motions

Courts apply the standard set forth in Federal Rule of Civil Procedure 12(b)(6) to motions to dismiss in § 2254 proceedings. *Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing

[the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the facts alleged in the complaint need not be probable, the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court accepts all factual allegations in the complaint as true. *Id.* Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Nonetheless, a plaintiff need not show that success is probable to withstand a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). Finally, where a party is proceeding pro se, the Court will liberally construe his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**B. Objections to PF&R**

While courts possess the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge, they must conduct a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. §

636(b)(1)(C). In keeping, courts need not conduct a review of factual and legal conclusions to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor are they tasked with conducting *de novo* review of "general and conclusory" objections—rather, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). With this framework in mind, the Court turns to a consideration of Ms. Aldridge's pending objections.

## III.   DISCUSSION

Petitioner's objections largely relate to findings of fact as set forth in the PF&R. The Court need not review any legal or factual conclusions to which Petitioner does not object, *Thomas*, 474 U.S. at 150—however, since Petitioner is proceeding pro se, the Court will liberally construe any strictly factual objections and reexamine the legal conclusions in light of them. *Gamble*, 429 U.S. at 106. Because it constitutes a jurisdictional issue, the Court first addresses whether the petition is second or successive such that it requires authorization from the Fourth Circuit. The Court then addresses whether the petition is timely.

A.   The petition, as a second or successive one, lacks the necessary authorization.

The PF&R recommends dismissing the petition because the Fourth Circuit has not authorized its filing. The Court agrees. Though § 2244(b)(3) does not define "second or successive," the Supreme Court has clarified "it does not simply refer to all habeas filings made second or successively in time, following an initial application." *Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) (treating a second petition as part of a first petition where it alleged a newly ripened claim that had been

dismissed from the first petition as premature). Still, a petition is considered "second or successive" where it raises new claims that were available to the petitioner at the time of a prior petition's filing. *See In re Wright*, 826 F.3d 774, 784 (4th Cir. 2016); *see also Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L.Ed.2d 628 (2007) (deeming § 2254 petition to be second or successive where petitioner failed to raise his then-unexhausted claim in his first petition).

A state prisoner who plans to file a second or successive § 2254 petition must first move for an order from the appellate court authorizing the district court to consider the petition. *See Lynch v. Cabell*, No. 22-6341, 2022 WL 17484282, at *1 (4th Cir. Dec. 7, 2022) (citing 28 U.S.C. § 2244(b)(3)(A)). If a petitioner files a second or successive petition without first receiving authorization, the district court must dismiss it for lack of jurisdiction. *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 338-39 (2010) (noting that a district court should dismiss without prejudice, not deny on the merits, an unauthorized second or successive application challenging the movant's sentence). Pursuant to § 2244(b), a claim presented in a second or successive petition should be dismissed unless one of three circumstances is present: 1) the claim relies on a new rule of constitutional law that was previously unavailable but has been made retroactive, 2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, or 3) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty.

At no point in her objections does Ms. Aldridge contend that the instant petition is not second or successive. Liberally construed, however, her objections suggest that the instant petition should be considered second or successive because 1) the factual predicate for her ineffective assistance of counsel claims (namely her trial counsel's testimony and alleged dishonesty during the October 29, 2020 omnibus hearing) could not have been previously discovered, and 2) a

reasonable factfinder would not have found her guilty in light of forensic reports about her whereabouts the day of the murder. Pet'rs Resp. to the PF&R at 2-4, ECF No. 27 (labelled as objections two, three, and nine). As to the diligent discovery of evidence, Ms. Aldridge contends that she could not have obtained the relevant testimony prior to the October 2020 omnibus hearing, and that the PF&R misrepresents the number of and type of hearings she was afforded. Pet'rs Resp. to the PF&R at 2, 5, ECF No. 27 (labelled as objections one, six, and seven). As to the reasonable factfinder argument, Ms. Aldridge points to forensic reports showing there was no blood evidence in the vehicle she was driving, even though witnesses had testified to seeing Ms. Aldridge transport a bloody Mr. Vickers in it following the murder.

None of these arguments hold weight. Starting with the reasonable factfinder exception, the Court agrees with the PF&R—the testimony from the October 2020 hearing is not the factual predicate for her ineffective assistance of counsel claim. As the PF&R points out, information "that merely supports or strengthens a claim . . . is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012); PF&R at 8, ECF No. 26. It is not sufficient that the testimony merely supports an ineffective assistance of counsel claim; rather, the evidence in question must go to the vital facts underlying the claim. *Id.* (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007)). As to her ineffective assistance of counsel claim, Ms. Aldridge had the vital facts from at least the time of her first state habeas petition, in which she alleged, *inter alia*, counsel's failure to move for bifurcation. *See* State Habeas Pet. at 4, ECF No. 13-10.

Additionally, the Court need not—and in fact, does not—make any finding as to whether Ms. Aldridge's trial counsel was dishonest during the 2020 omnibus hearing. That inquiry is not material to the issue of whether trial counsel performed deficiently at the time of the trial. While

alleged dishonesty by any officer of the court is, of course, concerning, the instant alleged dishonesty has no bearing on counsel's performance during trial. Moreover, the Court has already confronted this claim. In ruling on Ms. Aldridge's first federal habeas petition, the Court expressly found that Ms. Aldridge was afforded the effective assistance of counsel at trial. *Aldridge v. Ballard*, 2009 WL 772933, at *6. Ms. Aldridge has provided the Court no reason to doubt this finding.

Nor has Ms. Aldridge demonstrated that she meets the reasonable factfinder exception for second or successive petitions—that is, that she has shown by clear and convincing evidence that a reasonable factfinder would not have found her guilty. This Court has found just the opposite. In ruling on her first federal habeas petition, the Court noted that "the record contains plenary evidence to support Petitioner's conviction." *Aldridge v. Ballard*, 2009 WL 772933, at *5. That finding has not changed. Because the petition is second or successive and Ms. Aldridge did not receive prior authorization from the Fourth Circuit to file it, this Court without jurisdiction to entertain the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (finding that because a petitioner failed to receive the requisite authorization to file a second or successive petition, the district court was "without jurisdiction to entertain" the petition).

        **B.**  Because the limitation period commenced at the conclusion of her first state habeas petition, the instant petition is not timely.

Ms. Aldridge's petition is also untimely. The Anti-Terrorism and Effective Death Penalty At of 1996 (AEDPA) requires that petitioners file a petition under 28 U.S.C. § 2244(d)(1) one year from the latest of the following:

        A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* This timeline, however, is tolled while a properly filed application for State post-conviction or other collateral review is pending. *Id.* § 2244(d)(2). In her Petition, Ms. Aldridge claims that she has timely filed pursuant to § 2244(d)(1)(D)—that is, within one year of her attorney's testimony during the October 2020 omnibus hearing. Pet. for Habeas Corpus, ECF No. 2-1.

For § 2244(d)(1)(D) to apply, a petitioner must demonstrate that she exercised "due diligence" in ascertaining the applicable evidence. *See Gray v. Ballard*, 848 F.3d 318, 322 (4th Cir. 2017) "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Id.* (internal citations omitted). The determinative question is whether the information could have been discovered, not whether the petitioner actually discovered it. *Miller v. Sallaz*, No. 5:20-CV-661, 2022 WL 4084226, at *3–4 (S.D.W. Va. Sept. 6, 2022) (citing *In re McDonald*, 514 F.3d 539, 545 (6th Cir. 2008)).

Ms. Aldridge primarily argues that she should not be penalized for failing to raise her ineffective assistance of counsel claims earlier, as she "could not have known what her attorney was going to say about his representation until she was provided a hearing for the first time." Pet'rs Resp. to the PF&R at 6, ECF No. 27. She alleges that only after hearing trial counsel's testimony did she seek the evidence to dispute it and support her claims of ineffective assistance of counsel. *Id.* These arguments do not negate the findings and conclusions set forth in the PF&R, however. Regarding Ms. Aldridge's ability to discover the evidence prior to the October 2020 omnibus hearing, the Court refers to its finding in Section III.A, *supra*. Alleged misrepresentations and

-13-

other testimony by trial counsel at the 2020 omnibus hearing are not the factual predicate of her ineffective assistance of counsel claim, so any belated discovery of them does not restart the one-year filing period. The limitation period, therefore expired one year after June 14, 2005—the date the SCAWV denied first state habeas petition.

Ms. Aldridge also seems to suggest that her ignorance of the law and pro se status entitle her to equitable tolling. Namely, she claims that because she is proceeding pro se, she should not be penalized for failing to adhere to the appropriate timelines. Pet'rs Resp. to the PF&R at 1, 6, ECF No. 27. In what she styles as her eighth objection, Ms. Aldridge also claims that she relied on the SCAWV's January 2022 mandate to restart the filing time for her current petition. Pet'rs Resp. to the PF&R at 5, ECF No. 27.

The Court, however, agrees with the finding of the Magistrate Judge: Ms. Aldridge is not entitled to equitable tolling. PF&R at 11, ECF No. 26. A petitioner is only entitled to equitable tolling if she presents "(1) extraordinary circumstances, (2) beyond her control or external to her own conduct, (3) that prevented her from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). This remedy is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Ms. Aldridge has shown no such circumstances here. The Fourth Circuit has explicitly held that "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). This doctrine stands applies even where an unrepresented petitioner alleges a lack of legal knowledge or legal resources. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). The petition is therefore untimely. Ms. Aldridge is not entitled to

equitable tolling and, unfortunately, filed the instant petition well after the limitation period expired on June 14, 2006.

As a final matter, the Court notes Ms. Aldridge's objections regarding alleged deficiencies in the rulings on her first and second state habeas petitions—specifically, the lack of a specific ruling as to bifurcation and the presentation of mitigating evidence. *Id.* at 2, 4, 5 (labelled as objections one, two, four, and five). After reviewing the rulings on her first and second state habeas petitions, the Court disagrees. For example, in its order denying her first state habeas petition, the Circuit Court of Wayne County addressed, albeit without explicitly naming, the bifurcation and mitigating evidence issues in its rulings on Ms. Aldridge's ineffective assistance of counsel and cumulative error claims. Order Denying Writ of Habeas Corpus Pet. at 2, ECF No. 13-12. Similarly, in the order denying her second state habeas petition, the Wayne County Circuit Court found that the bifurcation and mitigating evidence issues were properly addressed in the order on her first state habeas petition. Order Denying Second Habeas Pet. at 2-6, ECF No. 13-19. Even if the Court found that Ms. Aldridge's objections have merit—which it does not—the objections she raises would still be insufficient to overcome the petition's lack of timeliness and lack of prior authorization from the Fourth Circuit.

## CONCLUSION

Because Ms. Aldridge's petition is both second or successive and untimely, the Court **DENIES** Petitioner's Objections (ECF No. 27) and—consistent with the factual allegations outlined in this Memorandum Opinion and Order—**ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 26). Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 13), **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2), and **DISMISSES** this action.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER:　　　August 18, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-16-